United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COUNTY OF SONOMA,

Plaintiff,

v.

THE FIELDS OF THE WOOD, INC. and Does 1 through 30, inclusive,

Defendants.
_____________________________________/

No. C 15-02506 JSW

**ORDER OF REMAND**

Defendant The Fields of the Wood, Inc. filed a notice of removal.[1] This Court has an independent duty to ascertain its jurisdiction and may remand *sua sponte* for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court

[1] The notice of removal was actually filed by Tony A. Sampson ("Sampson") as the Chief Executive Officer of The Fields of the Wood, Inc. In the notice, Sampson includes his name in the caption as a defendant, even though he is not listed as a defendant in the complaint filed by the County of Sonoma. The Court notes that "a corporation may appear in the federal courts only through licensed counsel." *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *see also* Northern District Civil Local Rule 3-9(b). Therefore, as a non-attorney, the defendant corporation, The Fields of the Wood, Inc., cannot appear *pro se* and cannot be represented by non-attorney Sampson.

United States District Court
For the Northern District of California

only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, a court must construe the removal statute strictly and reject jurisdiction if there is any doubt regarding whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

Here, the state court action contains only state-law claims, and thus, federal law does not create any of the causes of action. Moreover, the Court concludes that the claims will not necessarily depend upon the resolution of a substantial question of federal law. Furthermore, a court cannot exercise removal jurisdiction on the ground that the complaint gives rise to a potential or an anticipated defense that might raise a federal question, even if the defense is the only question truly at issue in the case. *Franchise Tax Board*, 463 U.S. at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original). Nor can federal jurisdiction rest upon an actual or anticipated counterclaim or third party complaint. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831-32 (2002).

Although Defendant did not remove on this basis, the Court also determines that it does not have diversity jurisdiction over this matter. Plaintiff states that The Fields of the Woods, Inc.'s principle place of business is in Petaluma, California. (Mot. to Remand at 8, n.3 (explaining that the address for The Fields of the Wood, Inc. listed with the California Secretary of State is 1196 Liberty Road in Petaluma, California, which is the same address provided by Sampson).) Thus, complete diversity is lacking. Moreover, pursuant to 28 U.S.C. § 1441(b), Defendant is precluded as a California citizen from removing this action on the grounds of diversity.

In its notice of removal, Defendant asserts 28 U.S.C. § 1443 in support of its removal. However, this statute is inapplicable. An action removed under section 1443(1) must satisfy a two-part test. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006). "First, the [removing party] must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." . . . "Second, [the removing party] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* at 999 (internal citation omitted). Here, Defendant has not cited to any racial equality civil rights statute at issue. Nor has Defendant asserted that the state court would not enforce such a racial equality civil rights statute, if there was one at issue. Section 1443(2) is not applicable either. This provision is available only to federal officers, to persons assisting such officers in the performance of their official duties, and to state officers. *Greenwood v. Peacock*, 384 U.S. 808, 815, 824 n.22 (1966). Defendant is not a state or federal officer. Therefore, the Court finds that it lacks subject matter jurisdiction to hear this matter.

///

///

///

///

United States District Court
For the Northern District of California

The Court HEREBY REMANDS this action to the Superior Court of the State of California in and for the County of Sonoma. The Clerk shall remand this case to the Superior Court of Sonoma forthwith.

**IT IS SO ORDERED.**

Dated: June 30, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE